IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDREW DEWAYNE DUEBERRY,    :

    Plaintiff,    :

vs.    :    CIVIL ACTION 10-00698-WS-C

LARRY MEYERS, et al.,    :

Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

I. Nature of Proceedings

In his Complaint, Plaintiff names as Defendants Walter Meyers, Warden at J.O. Davis Correctional Facility; Correctional Sergeant Quentin Curry; Correctional Officer Larry Brooks; and Correctional Officer Joseph Risker.[1] (Doc. 1 at 5-8). Plaintiff asserts claims for malicious prosecution and for violations of his rights to due process and equal protection in connection

---

[1] The Disciplinary Report attached to Plaintiff's complaint indicates that this Defendant's name is actually Joseph C. Risher. (Doc. 1 at 11). In any event, for purposes of this screening, the Court will refer to this Defendant as Joseph Risker.

with a prison disciplinary proceeding brought against him by Defendants following an assault on Officer Brooks. (Id.).

According to Plaintiff, on October 11, 2009, an "unknown inmate" threw a battery at Officer Brooks and hit him in the neck. (Id. at 4). During the ensuing investigation by Officer Brooks and Sergeant Curry, an "unknown reliable source" identified Plaintiff as the inmate who threw the battery, and Plaintiff was subsequently charged with a disciplinary violation, namely, Rule #29, assault on a Department of Corrections official. (Id. at 4, 9, 11). Officer Brooks testified at Plaintiff's disciplinary hearing that the investigation conducted by himself and Sergeant Curry determined that Plaintiff was the inmate who threw a battery that struck Officer Brooks in the neck. (Id. at 10). The hearing officer, Defendant Risker, found Plaintiff guilty on the basis of Officer Brooks' sworn testimony. (Id. at 11). Plaintiff received a disciplinary sentence of forty-five days loss of store, telephone, and visitation privileges, as well as forty-five days confinement in segregation, with no loss of good time. (Id.). Warden Meyers approved the disciplinary conviction and sentence. (Id.).

In his complaint, Plaintiff alleges that he is not guilty of the disciplinary charge and that there is no evidence to support his conviction. Plaintiff claims that Defendant Meyers violated his rights to due process and equal protection and subjected him to a malicious prosecution by approving the disciplinary conviction despite the fact that there were no witnesses "saying [Plaintiff] did it." (Id. at 5). In addition, Plaintiff alleges that Defendant Curry subjected him to a malicious prosecution by lying during the investigation in order to get even with Plaintiff for a previous verbal altercation. (Id.). Plaintiff also claims that Defendant Brooks is liable for malicious prosecution for stating under oath that his investigation revealed that Plaintiff hit him with a battery despite the fact that Brooks did not see Plaintiff or anyone hit him because it was

2

dark. (Id. at 6). Finally, Plaintiff claims that Defendant Risker violated his due process rights by finding him guilty despite the fact that there was no testimony from the unknown source at the hearing, nor was there any physical evidence or affidavit on which to base the decision. (Id. at 8). For relief, Plaintiff seeks to have the disciplinary conviction removed from his records and seeks punitive damages of $500.00 from each Defendant. ( Id. at 7).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B)

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, the claim seeks to enforce a right that clearly does not exist, id., or there is an affirmative defense which would defeat the claim, such as the statute of limitations, res judicata, collateral estoppel, or absolute immunity. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. See Mitchell v. Farcass, 112 F.3d 1483, 1491 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

---

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

3

v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at ----, 129 S. Ct. at 1949. It is only those well-pleaded factual allegations that a court will consider as true. Id. at ----, 129 S. Ct. at 1950. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a "less stringent" standard than those of an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds*, Iqbal, 556 U.S. ---, 129 S. Ct. 1937 (2009). Furthermore, a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. Discussion

As discussed above, in his complaint, Plaintiff asserts due process claims against Defendants Meyers and Risker, as well as an equal protection claim against Defendant Meyers, and malicious prosecution claims against Meyers, Brooks, and Curry, all arising out of a disciplinary hearing in which Plaintiff was found guilty of violating Rule # 29, assault on a

Department of Corrections official. (Doc. 1 at 5-8). For each of the reasons set forth below, Plaintiff's allegations fail to state a claim upon which relief can be granted.

   A. Due Process Claims.

In his complaint, Plaintiff alleges that Defendant Risker violated his due process rights by finding him guilty of violating Rule # 29, assault on a corrections official, and that Defendant Meyers violated his due process rights by approving the disciplinary conviction. (Doc. 1 at 5, 8). As a result of his disciplinary conviction, Plaintiff received forty-five days confinement in disciplinary segregation (with no loss of good time credit) and forty-five days loss store, telephone, and visitation privileges. (Id. at 11).

   1. No Liberty Interest.

The Due Process Clause of the Fourteenth Amendment provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. Amend XIV, § 1. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' see, e.g., Vitek v. Jones, 445 U.S. 480, 493-494, 100 S. Ct. 1254, 63 L. Ed. 2d 552 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to mental institution), or it may arise from an expectation or interest created by state laws or policies, see, e.g., Wolff v. McDonnell, 418 U.S. 539, 556-558, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (liberty interest in avoiding withdrawal of state-created system of good-time credits)." Id. (internal quotation marks omitted).

      a. Disciplinary Segregation.

"The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Lee v. Thomas, 2011 WL 624486, *8 (M.D. Ala. 2011) (citing Sandin, 515 U.S. at 485-486). Therefore, if a liberty interest exists in avoiding confinement in disciplinary segregation, it must be one created by the State.

"Since the decision in Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), an inmate must demonstrate a 'grievous loss' in order for a liberty interest to be found so that due process attaches in a disciplinary proceeding."[33] Harrison v. Myers, 2011 WL 3204372, *4 (S.D. Ala. 2011). In Sandin, an inmate challenged his thirty-day segregation sentence based on a due process violation, and the Supreme Court found that neither the Due Process Clause itself nor the State created a liberty interest in avoiding disciplinary segregation. Id., 515 U.S. at 487. The Sandin court explained that liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (citations omitted). The Court concluded that confinement in disciplinary segregation for thirty days was not a dramatic departure from the ordinary conditions of incarceration and "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485-86.

In the present action, Plaintiff's confinement in disciplinary segregation for forty-five days did not deprive him of a liberty interest inherent in the Constitution, nor did it give rise to a state-created liberty interest. Plaintiff's allegations do not show that his segregation confinement

---

[33] The Sandin court returned to the due process principles of Wolff, 418 U.S. 539, 560 (1974), and Meachum v. Fano, 427 U.S. 215, 224 (1976). See Sandin, 515 U.S. at 483.

was a dramatic departure from the ordinary conditions of incarceration or that it presented an atypical, significant deprivation upon which a state-created liberty interest could be found. Indeed, disciplinary segregation is a type of confinement that inmates should expect to receive at some point during their incarceration. It is the duration or degree of restriction that determines whether a liberty interest is created. Because Plaintiff's forty-five day segregation confinement did not fall within the realm of "atypical and significant hardship," he was not deprived of a liberty interest, and he is not entitled to the protections afforded by the Due Process Clause.

Accordingly, Plaintiff fails to state a claim upon which relief can be granted. Cf. Sandin, 515 U.S. at 486-87 (thirty-day confinement in disciplinary segregation did not give rise to a liberty interest under the Constitution or created by the State, and, thus, plaintiff was not entitled to due process protection); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (two months confinement in administrative segregation did not give rise to a constitutionally protected liberty interest); Williams v. Fountain, 77 F.3d 372, 374 n.3 (11th Cir. 1996) (twelve months in solitary confinement did represent "substantially more atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life," entitling plaintiff to due process).

      b.  Loss of Telephone, Store, and Visitation Privileges.

Turning to the portion of Plaintiff's disciplinary sentence mandating the loss of telephone, store, and visitation privileges for forty-five days, this claim likewise presents no liberty interest to which due process attaches, either under the Constitution or by the State's creation. An inmate has no protected liberty interest in telephone, store, or visitation privileges arising directly from the Due Process Clause. See Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989) (the Due Process Clause does not guarantee an inmate the right to unfettered visitation); Harrison, 2011 WL 3204372, *5 (S.D. Ala. 2011) ("The Court finds that

the Constitution does not grant an inmate a right in visitation, store, and telephone privileges."); Walker v. Loman, 2006 WL 3327663, *2 (M.D. Ala. 2006) (unpublished) (accord).  Therefore, such liberty interests exist only if created by the State.

This Court has recognized that "[a]n inmate's ability to visit, to shop, and to use the telephone is heavily restricted while in prison, as are most aspects of an inmate's life." Harrison, 2011 WL 3204372, *5 (S.D. Ala. 2011) (citing Sandin, 515 U.S. at 485).  "[T]he further restriction of these privileges for a short period of time is a less severe punishment than confinement to disciplinary segregation." Id.  "Such a restriction is not 'atypical,' nor is it a 'significant hardship' under the Sandin analysis, and is a type of discipline that should be expected by a prisoner as an incident to his criminal sentence." Id.  Therefore, Plaintiff's loss of visitation, telephone, and store privileges for forty-five days does not give rise to a liberty interest created by the State.  Cf. id., 2011 WL 3204372, *5 (S.D. Ala. 2011) (loss of telephone and store privileges for twenty-one days and visitation privileges for six months did not deprive inmate of a liberty interest inherent in the Constitution or created by the State); and Walker, 2006 WL 3327663, *3 (M.D. Ala. 2006) (unpublished) (ninety day loss of telephone, store, and visitation privileges did not deprive inmate of a state-created liberty interest nor one derived from the Constitution itself).[4]  Because Plaintiff does not have a liberty interest in telephone, store, and visitation privileges to which due process could attach, he fails to state a claim upon which relief can be granted.

      c.  Insufficient Evidence.

---

[4] Likewise, the Alabama courts have determined that a prisoner does not have a state-created liberty interest in store, telephone and visitation privileges.  See Dumas v. State, 675 So. 2d 87, 89 (Ala. Crim. App. 1995).

Plaintiff next challenges his disciplinary conviction on the basis that it was not supported by the evidence and, thus, violated his right to due process. Plaintiff's allegations fail to state a claim, however, because he does not have a liberty interest under the Constitution or created by state law, and, thus, he is not entitled to due process. See Mays v. Myers, 2011 WL 2469845, *5 (S.D. Ala. 2011) ("because Mays does not have a liberty interest under the Constitution or created by state law not to be confined to disciplinary segregation and not to have his phone, store, and visitation privileges further restricted temporarily, due process does not attach; therefore, his claim for insufficiency of evidence [to support his disciplinary conviction] fails."); see also McKeithan v. Jones, 212 Fed. Appx. 129, 130 (3d Cir. 2007) (unpublished) (absent a protected liberty interest as defined by Sandin, the court was prohibited from considering whether the hearing officer's decision was supported by "some" evidence, as otherwise required by Superintendent v. Hill, 472 U.S. 445, 454(1985)); Hornsby v. Jones, 2010 WL 597936, *4 (W.D. Okla. 2010) (unpublished) ("the undersigned finds that Petitioner's challenge to his disciplinary convictions [based on insufficiency of the evidence] fails to implicate a protected liberty interest and thus fails to allege the violation of any constitutional right. Therefore, the Court is not required to consider whether the disciplinary proceedings comported with due process."); Major-Davis v. Quarterman, 2008 WL 5435328, *3 (N.D. Tex. 2008) (rejecting petitioner's claim that his disciplinary conviction was not supported by the evidence, stating: "[a]bsent some constitutionally protected liberty interest, due process does not attach to a prison disciplinary proceeding."). Likewise, because Plaintiff does not allege a protected liberty interest, his allegations of insufficient evidence to support his disciplinary conviction fail to state a claim for the denial of due process.

9

Accordingly, for each of the reasons set forth above, Plaintiff's allegations that Defendants Meyers and Risker violated his Fourteenth Amendment right to due process in relation to his disciplinary hearing fail to state a claim upon which relief can be granted.

B. Malicious Prosecution Claims.

As discussed above, Plaintiff also asserts claims against Defendants Meyers, Curry, and Brooks for malicious prosecution arising out of his disciplinary conviction for assault on a corrections official. However, Plaintiff's allegations fail to state a claim upon which relief can be granted because they do not show that Plaintiff's disciplinary conviction has been invalidated.

"This Circuit 'has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983.'"[5] Grider v. City of Auburn, Ala., 618 F.3d 1240, 1256 (11th Cir. 2010) (citations omitted). "To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." Id. (citations omitted). "As to the first prong, the constituent elements of the common law tort of malicious prosecution are: '(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) *that terminated in the plaintiff accused's favor*; and (4) caused damage to the plaintiff accused.'" Id. (citations omitted) (emphasis added). "The elements under Alabama law for the common-law tort of malicious prosecution are the same, except that they require only a 'judicial

---

[5] "'[A]lthough both state law and federal law help inform the elements of the common law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law.'" Grider, 618 F.3d at 1256 (citations omitted).

10

proceeding' not a 'criminal prosecution.'" Id. (quoting Delchamps, Inc. v. Bryant, 738 So. 2d 824, 831-32 (Ala. 1999)).

In the present case, Plaintiff has not alleged that his disciplinary conviction for assault on a correctional official has been invalidated. Therefore, his claims for malicious prosecution fail to state a claim upon which relief can be granted.

C. Equal Protection Claim.

Plaintiff next claims that Defendant Warden Meyers violated his equal protection rights by approving his disciplinary conviction. (Doc. 1 at 5). In order for a prisoner to state an equal protection claim, he must establish: "(1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (citations omitted).

In the present case, Plaintiff does not even allege that he was treated differently by Defendant Meyers on the basis of some form of discrimination tied to a constitutionally protected interest. See Sweet v. Secretary, Dep't of Corrs., 467 F.3d 1311, 1319 (11th Cir. 2006) ("More basically, Sweet's equal protection claim fails because he has not alleged, let alone established, that he was treated differently on account of some form of *invidious discrimination* tied to a constitutionally protected interest. He has not even claimed that he was treated differently from others because of race, religion, or national origin.") (emphasis in original)). For this reason alone, Plaintiff's equal protection claim fails to state a claim upon which relief can be granted.

D. Application of 42 U.S.C. § 1997e(e).

In his complaint, Plaintiff requests punitive damages in the amount of $500.00 from each Defendant and that the disciplinary conviction be expunged from his file. (Doc. 1 at 7). While not applicable to his request for injunctive relief, 42 U.S.C. § 1997e(e) is applicable to Plaintiff's claims requesting damages.

Section 1997e(e), entitled "Limitation on recovery," provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C § 1997e(e). This section prevents the recovery of compensatory and punitive damages by an inmate when no physical injury is alleged. See Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011). Because Plaintiff has alleged no physical injury related to his claim for punitive damages, his damages claim is without merit and is subject to dismissal under 42 U.S.C. § 1997e(e) for failure to state a claim upon which relief can be granted.

## IV. Conclusion

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. **If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint with any objections that he files to this report and recommendation**.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 1st day of September, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

12

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

     1.    **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

     2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).